# EXHIBIT "A"

David L. Nicholson, Jefferson Circuit Clerk
600 West Jefferson Street
Louisville, KY 40202-4731

EVELYN D STRANGE
3312 GILMORE INDUSTRIAL BOULEVARD
LOUISVILLE, KY 40213



RECEIVED
JAN 21 2021
By_____



## KCOJ eFiling Cover Sheet

Case Number: 21-CI-000340

Envelope Number: 3098443

Package Retrieval Number: 309844321298381@00000965234

Service by: Certified Mail

Service Fee: $ 0.00

Postage Fee: $ 12.50

The attached documents were generated via the Kentucky Court of Justice eFiling system. For more information on eFiling, go to http://courts.ky.gov/efiling.

Page 1 of 1        Generated: 1/19/2021 7:34:13 AM

| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br>Commonwealth of Kentucky<br>Court of Justice    Courts.ky.gov<br>CR 4.02; Cr Official Form 1 | <br>**CIVIL SUMMONS** | Case #: **21-CI-000340**<br>Court: **CIRCUIT**<br>County: **JEFFERSON Circuit** |
|---|---|---|

Plantiff, **REDMON, DANIEL VS. ADVANCED ELECTRICAL SYSTEMS, INC.**, Defendant

TO:  **EVELYN D STRANGE**
      **3312 GILMORE INDUSTRIAL BOULEVARD**
      **LOUISVILLE, KY 40213**



RECEIVED JAN 2 1 2021 By___

Memo: Related party is ADVANCED ELECTRICAL SYSTEMS, INC.

The Commonwealth of Kentucky to Defendant:
**ADVANCED ELECTRICAL SYSTEMS, INC.**

You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

*Davis L. Nicholson*
Jefferson Circuit Clerk
Date: **1/15/2021**

## Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

To: _____

☐ Not Served because: _____

Date: _____, 20 _____

Served By _____

Title _____

Summons ID: 309844321298381@00000965234
CIRCUIT: 21-CI-000340 Certified Mail
REDMON, DANIEL VS. ADVANCED ELECTRICAL SYSTEMS, INC.

**eFiled**



Page 1 of 1

NO. _____                                          JEFFERSON CIRCUIT COURT
                                                           DIVISION _____

**DANIEL REDMON**
500 Running Creek Place
Louisville, KY 40243

**NICHOLAS MEURER**
214 Club Oak Court
Louisville, KY 40223

**WESLEY HAWKINS**
5011 Luke Lane
Sellersburg, IN 47172

**CAMERON GOESMAN**
6502 Cady Drive
Louisville, KY 40258

**THOMAS SPIVEY**
3909 St. Joseph Road
New Albany, IN 47150

and

**JEREMY SIMS**                                                                    PLAINTIFFS
2807 Andrea Drive
Floyd Knobs, IN 47119

v.                              **COMPLAINT**

**ADVANCED ELECTRICAL SYSTEMS, INC.**                                              DEFENDANT
    Serve: Evelyn D. Strange
    3312 Gilmore Industrial Blvd.
    Louisville, KY 40213

                        *   *   *   *   *   *

The Plaintiffs, Daniel Redmon, et al., by Counsel, hereby state for their Complaint in this action as follows:

1. Plaintiffs were at all relevant times employed by Defendant Advanced Electrical Systems, Inc. in Jefferson County, Kentucky, within the territorial jurisdiction and venue of this court.

2. The Defendant Advanced Electrical Systems, Inc. ("AES") is a Kentucky corporation doing business in the Commonwealth of Kentucky and having an office or place of business in Jefferson County, Kentucky, within the territorial jurisdiction and venue of this Court.

3. This Court has jurisdiction over the claims brought herein pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

4. Defendant AES has at all relevant times been a covered employer as defined in the Emergency Paid Sick Leave Act, Section 5110(2)(B)(i), Families First Coronavirus Response Act, Pub. L. No. 116-127, § 5110(2)(B)(i) (2020).

5. Defendant AES has at all relevant times been an employer as defined in the Fair Labor Standards Act, 29 U.S.C. § 203(d).

6. Plaintiffs were at all relevant times employees of Defendant AES as defined in the Emergency Paid Sick Leave Act (Families First Coronavirus Response Act, Pub. L. No. 116-127, § 5110(1), (2020)) and, as non-exempt employees, in the Fair Labor Standards Act. 29 U.S.C. § 203(e)

7. On or about July 7, 2020, Defendant AES informed the Plaintiffs that they had been exposed to COVID-19 at their workplace.

8. On or about July 7, 2020 Defendant AES informed each Plaintiff that they were required to "self-isolate" and could not return to work for 14 days, due to potential exposure to the COVID-19 virus.

9. On or about July 8, 2020, Defendant AES informed each Plaintiff that they did not have to "self-isolate," but could not return to work until receiving negative test results for COVID-19.

10. Defendant AES did not permit each Plaintiff to return to work immediately after receiving negative COVID-19 test results, but required the Plaintiffs to remain off work without pay after they had received negative COVID-19 test results.

11. Defendant AES told Plaintiffs that they were required to quarantine for 14 days.

12. Defendant AES informed the Plaintiffs that they must report back to work on July 20, 2020.

13. Each Plaintiff sought medical diagnosis.

14. Defendant AES denied each Plaintiff requested paid sick leave under the Emergency Paid Sick Leave Act.

15. Defendant AES knew the name of each Plaintiff barred from the workplace by Defendant AES.

16. Defendant AES established and enforced the dates on which each Plaintiff was barred from the workplace.

17. Defendant AES knew that each Plaintiff had been exposed to COVID-19 by Defendant AES.

18. Defendant AES instructed each Plaintiff to seek medical diagnosis or treatment.

19. Defendant AES first inquired about symptoms of COVID-19 experienced by Plaintiffs on December 28, 2020.

20. Plaintiffs made a written report of their symptoms to Defendant AES on December 30, 2020.

21. Defendant AES first inquired about Plaintiff's quarantine orders from healthcare providers on December 28, 2020.

22. Plaintiffs made a written report of their quarantine orders on December 30, 2020.

## COUNT I
## VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT - REDMON

23. Plaintiffs restate and incorporate by reference the foregoing allegations.

24. On or about July 7, 2020, Plaintiff Daniel Redmon was instructed by Defendant AES not to return to work.

25. Plaintiff Redmon experienced symptoms of COVID-19, including but not limited to: cough, congestion or runny nose, and diarrhea.

26. Plaintiff Redmon sought a medical diagnosis.

27. Plaintiff Redmon was advised by a health care provider to quarantine for 14 days or until he tested negative for COVID-19.

28. On or about July 15, 2020, and again on July 17, 2020 Plaintiff Redmon tested negative for COVID-19.

29. Defendant AES permitted Plaintiff Redmon to return to work on or about July 20, 2020.

30. Plaintiff Redmon missed approximately seven (7) work days without pay.

31. Defendant AES failed and refused to provide paid sick leave to Plaintiff Redmon for the days Plaintiff was unable to work due to a need for leave related to COVID-19.

32. Defendant AES's failure to provide paid sick leave to Plaintiff Redmon violated the Emergency Paid Sick Leave Act. Families First Coronavirus Response Act, Pub. L. No. 116-127, § 5101, et seq. (2020).

33. Defendant AES's failure to provide paid sick leave to Plaintiff Redmon constitutes a failure to pay minimum wages in violation of Section 6 of the Fair Labor Standards Act of 1938. 29 U.S.C. § 206.

## COUNT II
## VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT – MEURER

34. Plaintiffs restate and incorporate by reference the foregoing allegations.

35. On or about July 7, 2020, Plaintiff Nicholas Meurer was instructed by Defendant AES not to return to work.

36. Plaintiff Meurer experienced symptoms of COVID-19, including but not limited to: fatigue, muscle or body aches, and congestion or runny nose.

37. Plaintiff Meurer sought a medical diagnosis.

38. Plaintiff Meurer was advised by a health care provider to self-quarantine for 10-14 days or until he tested negative for COVID-19.

39. On or about July 16, 2020, Plaintiff Meurer tested negative for COVID-19.

40. Defendant AES permitted Plaintiff Meurer to return to work on or about July 20, 2020.

41. Plaintiff Meurer missed approximately five (5) work days without pay.

42. Defendant AES failed and refused to provide paid sick leave to Plaintiff Meurer for the days Plaintiff was unable to work due to a need for leave related to COVID-19.

43. Defendant AES's failure to provide paid sick leave to Plaintiff Meurer violated the Emergency Paid Sick Leave Act. Families First Coronavirus Response Act, Pub. L. No. 116-127, § 5101, et seq. (2020).

5

44. Defendant AES's failure to provide paid sick leave to Plaintiff Meurer constitutes a failure to pay minimum wages in violation of Section 6 of the Fair Labor Standards Act of 1938. 29 U.S.C. § 206.

### COUNT III
### VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT – HAWKINS

45. Plaintiffs restate and incorporate by reference the foregoing allegations.

46. On or about July 7, 2020, Plaintiff Wesley Hawkins was instructed by Defendant AES not to return to work.

47. Plaintiff Hawkins experienced symptoms of COVID-19, including but not limited to: fatigue, muscle or body aches, and congestion or runny nose.

48. Plaintiff Hawkins sought a medical diagnosis.

49. On or about July 16, 2020 Plaintiff Hawkins tested negative for COVID-19.

50. Defendant AES permitted Plaintiff Hawkins to return to work on or about July 20, 2020.

51. Plaintiff Hawkins missed approximately eight (8) work days without pay.

52. Defendant AES failed and refused to provide paid sick leave to Plaintiff Hawkins for the days Plaintiff was unable to work due to a need for leave related to COVID-19.

53. Defendant AES's failure to provide paid sick leave to Plaintiff Hawkins violated the Emergency Paid Sick Leave Act. Families First Coronavirus Response Act, Pub. L. No. 116-127, § 5101, et seq. (2020).

54. Defendant AES's failure to provide paid sick leave to Plaintiff Hawkins constitutes a failure to pay minimum wages in violation of Section 6 of the Fair Labor Standards Act of 1938. 29 U.S.C. § 206.

## COUNT IV
## VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT – GOESMAN

55. Plaintiffs restate and incorporate by reference the foregoing allegations.

56. On or about July 7, 2020, Plaintiff Cameron Goesman was instructed by Defendant AES not to return to work.

57. Plaintiff Goesman sought a medical diagnosis.

58. On or about July 10, 2020, Plaintiff Goesman tested negative for COVID-19.

59. Defendant AES permitted Plaintiff Goesman to return to work on or about August 17, 2020.

60. Plaintiff Goesman missed approximately fourteen (14) work days without pay.

61. Defendant AES failed and refused to provide paid sick leave to Plaintiff Goesman for the days Plaintiff was unable to work due to a need for leave related to COVID-19.

62. Defendant AES's failure to provide paid sick leave to Plaintiff Goesman violated the Emergency Paid Sick Leave Act. Families First Coronavirus Response Act, Pub. L. No. 116-127, § 5101, et seq. (2020).

63. Defendant AES's failure to provide paid sick leave to Plaintiff Goesman constitutes a failure to pay minimum wages in violation of Section 6 of the Fair Labor Standards Act of 1938. 29 U.S.C. § 206.

## COUNT V
## VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT – SPIVEY

64. Plaintiffs restate and incorporate by reference the foregoing allegations.

65. On or about July 7, 2020, Plaintiff Thomas Spivey was instructed by Defendant AES not to return to work.

66. Plaintiff Spivey sought a medical diagnosis.

7

67. On or about July 9, 2020, Plaintiff Spivey received a COVID-19 test.

68. Defendant AES permitted Plaintiff Spivey to return to work on or about July 19, 2020.

69. Plaintiff Spivey missed approximately eight (8) work days without pay.

70. Defendant AES failed and refused to provide paid sick leave to Plaintiff Spivey for the days Plaintiff was unable to work due to a need for leave related to COVID-19.

71. Defendant AES's failure to provide paid sick leave to Plaintiff Spivey violated the Emergency Paid Sick Leave Act. Families First Coronavirus Response Act, Pub. L. No. 116-127, § 5101, et seq. (2020).

72. Defendant AES's failure to provide paid sick leave to Plaintiff Spivey constitutes a failure to pay minimum wages in violation of Section 6 of the Fair Labor Standards Act of 1938. 29 U.S.C. § 206.

## COUNT VI
### VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT – SIMS

73. Plaintiffs restate and incorporate by reference the foregoing allegations.

74. On or about July 7, 2020, Plaintiff Jeremy Sims was instructed by Defendant AES not to return to work.

75. Plaintiff Sims sought a medical diagnosis.

76. On or about July 9, 2020 Plaintiff Sims tested negative for COVID-19.

77. Defendant AES permitted Plaintiff Sims to return to work on or about July 20, 2020.

78. Plaintiff Sims missed approximately eight (8) work days without pay.

79. Defendant AES failed and refused to provide paid sick leave to Plaintiff Sims for the days Plaintiff was unable to work due to a need for leave related to COVID-19.

8

80. Defendant AES's failure to provide paid sick leave to Plaintiff Sims violated the Emergency Paid Sick Leave Act. Families First Coronavirus Response Act, Pub. L. No. 116-127, § 5101, et seq. (2020).

81. Defendant AES's failure to provide paid sick leave to Plaintiff Sims constitutes a failure to pay minimum wages in violation of Section 6 of the Fair Labor Standards Act of 1938. 29 U.S.C. § 206.

WHEREFORE, Plaintiffs demand:

A. Judgment against the Defendant in an amount in excess of the jurisdictional threshold of this Court, compensating Plaintiffs for all unpaid sick leave or wages, and for additional liquidated damages in an amount equal to such unpaid sick leave or wages.

B. Costs herein expended, including a reasonable attorney fee.

C. All further relief to which the Plaintiffs may be entitled.

D. Trial by jury for all issues so triable.

Respectfully submitted,

/s/ Benjamin S. Basil

BENJAMIN S. BASIL
PRIDDY, CUTLER, NAAKE & MEADE, PLLC
2303 River Road, Suite 300
Louisville, KY 40206
Tel.: (502) 632-5296
Fax: (502) 632-5297
Basil@pcnmlaw.com
COUNSEL FOR PLAINTIFFS



7020 0640 0000 2266 3806



RECEIVED JAN 21 2021 By_____



U.S. POSTAGE ZIP 40202 02 4W 0000371276