UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

DANIEL REDMON, et. al                                                    PLAINTIFFS


v.                                                   CIVIL ACTION NO. 3:21-CV-90-CRS


ADVANCED ELECTRICAL SYSTEMS, INC.                                        DEFENDANT


**<u>MEMORANDUM OPINION</u>**


This matter is before the Court on the motion of Defendant Advanced Electrical Systems, Inc. to dismiss pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 12(b)(6). DN 4. The plaintiffs, Daniel Redmon, Nicholas Meurer, Wesley Hawkins, Cameron Goesman, Thomas Spivey, and Jeremy Sims (collectively, "Plaintiffs"), filed a response, and Defendant replied. DN 8; DN 9. This matter is now ripe for adjudication. For the reasons stated below, the motion will be denied.

I.    *Procedural Posture of Case*

On January 15, 2021, Plaintiffs filed a complaint (DN 1-1) in Jefferson Circuit Court alleging that Defendant Advanced Electrical Systems, Inc. ("AES" or "Defendant") violated the Emergency Paid Sick Leave Act ("EPSLA"), a provision of the Families First Coronavirus Response Act ("FFCRA"). Pub. L. No. 116-127, 134 Stat. 178, 195-201 (March 18, 2020). Plaintiffs further alleged that AES violated section 6 of the Fair Labor Standards Act of 1938. 29 U.S.C. § 206. AES timely removed the action to federal court under our federal question jurisdiction pursuant to 28 U.S.C. § 1331. Notice of Removal, DN 1-1, PageID# 1-3. AES now

1

moves to dismiss Plaintiffs' complaint pursuant to Fed. R. Civ. P. 12(b)(6). Def.'s Mot. Dismiss, DN 4-2, PageID# 22.

II.      *Emergency Paid Sick Leave under FFCRA*

A.  *EPSLA*

In March of 2020, FFCRA was signed into law in response to the global outbreak of coronavirus disease 2019 ("COVID-19"). Pub. L. No. 116-127, 134 Stat. 178 (2020). A provision of this law that ran through December 31, 2020 was EPSLA (also variously, "the Act") which entitled qualified employees of "covered" employers to take up to two weeks of paid sick leave for specific qualifying reasons. *See* EPSLA, 134 Stat. 195-201 (2020). EPSLA defined a "covered employer" to include any private entity or individual "engaged in commerce or in any industry or activity affecting commerce that employs fewer than 500 employees." EPSLA, § 5110.

EPSLA provides that:

> An employer shall provide to each employee employed by the employer paid sick time to the extent that the employee is unable to work (or telework) due to a need for leave because:
> (1) The employee is subject to a Federal, State, or local quarantine or isolation order related to COVID-19.
> (2) The employee has been advised by a health care provider to self-quarantine due to concerns related to COVID-19.
> (3) The employee is experiencing symptoms of COVID-19 and seeking a medical diagnosis.
> (4) The employee is caring for an individual who is subject to an order as described in subparagraph (1) or has been advised as described in paragraph (2).
> (5) The employee is caring for a son or daughter of such employee if the school or place of care of the son or daughter has been closed, or the child care provider of such son or daughter is unavailable, due to COVID-19–19 precautions.
> (6) The employee is experiencing any other substantially similar condition specified by the Secretary of Health and Human Services in consultation with the Secretary of the Treasury and the Secretary of Labor.

2

*Id.* at § 5102(a). Further, an employer could require that, "[a]fter the first workday (or portion thereof) an employee receives paid [EPSLA sick time], . . . [the employee] follow reasonable notice procedures in order to continue receiving such paid sick time." *Id.* at § 5110(5)(E).

EPSLA is enforceable for an alleged failure to provide paid sick leave through the Fair Labor Standards Act ("FLSA") as a failure to pay a minimum wage. *Id.* at § 5105. Thus, if an employer denies a qualified employee paid sick leave under EPSLA, the employer is considered in violation of section 6 of FLSA, which sets a minimum wage that every employer in the United States must pay "employees engaged in commerce." FLSA, § 206.

### B. The Regulation

Congress charged the Department of Labor ("DOL") with administering EPSLA. In April of 2020 the DOL adopted a rule (the "April Rule") to carry out the Act which addressed the employer's right to require an employee to give notice to his or her employer, stating

> An Employer may require an Employee to follow reasonable notice procedures after the first workday (or portion thereof) for which an Employee takes Paid Sick Leave. . . . Whether a procedure is reasonable will be determined under the facts and circumstances of each particular case. . . . [T]he Department encourages, but does not require, Employees to notify Employers about their request for Paid Sick Leave . . . as soon as practicable.

29 C.F.R. § 826.90(a)(1) (effective April 2020).

The April Rule also stated, "Notice may not be required in advance, [but] . . . [a]fter the first workday, it will be reasonable for an Employer to require notice as soon as practicable under the facts and circumstances of the particular case." *Id.* at § 826.90(b). Further, the April Rule suggested that it would be sufficient for employers "to require the Employee to comply with the Employer's usual and customary notice and procedural requirements for requesting leave." *Id.* at

§ 826.90(d). Additionally, sec. 826.100 of the April Rule indicated that documentation of a qualifying event must be submitted prior to an employee taking EPSLA leave. *Id.* at § 826.100(a).

    B.  *Challenge to Regulation and Issuance of Revised Rule*

Shortly after being adopted, certain sections of the April Rule were challenged by the State of New York, including sec. 826.100 describing the documentation requirements. *New York v. United States Dep't of Lab.*, 477 F. Supp. 3d 1, 17-18 (S.D.N.Y. 2020). Specifically, New York highlighted a conflict in the April Rule between sec. 826.100's requirement of documentation *prior to* taking leave and sec. 826.90, which permitted notice, if required, to be provided *after the first workday*, or portion thereof, for which the employee took EPSLA leave. *Id.* at 18. New York contended that not only was the conflict in the timing between the provisions problematic, but the requirement that documentation be provided prior to an employee taking EPSLA leave was inconsistent with the language of the Act itself. *Id.* The court agreed and declared the "temporal aspect" of sec. 826.100 of the April Rule invalid. *Id.* The remainder of the documentation provision was not affected by the ruling in the New York case. *Id.* at 19.

In response, the DOL changed the language of sec. 826.100 to match more closely that of sec. 826.90(a)(1). The "September Rule" provides that "[a]n Employee is required to provide the Employer documentation . . . as soon as practicable, which in most cases will be when the Employee provides notice under § 826.90." 29 C.F.R. § 826.100(a) (effective September 2020).

    III.  *Factual Background*

In July of 2020, Plaintiffs were all employed by AES in Jefferson County, Kentucky. DN 1-1, PageID# 9. They allege that on or about July 7, 2020, AES informed Plaintiffs that they had potentially been exposed to COVID-19 while at work and instructed Plaintiffs to "self-isolate" for fourteen days. *Id.* The following day, AES purportedly informed Plaintiffs that they did not, in

fact, need to self-isolate for fourteen days, but instead would be allowed to return to work if they received a negative COVID-19 test. *Id.* Plaintiffs contend that AES did not permit them to return to work immediately after receiving a negative COVID-19 test result. *Id.* Plaintiffs allege that AES informed Plaintiffs that they needed to "self-isolate" for fourteen days, but they then state that AES required that they "report back to work on July 20, 2020." *Id.* (*see* ¶ 11 and ¶ 12).

Plaintiffs claim that they each sought a medical diagnosis and that they each tested negative for COVID-19. DN 1-1, PageID# 11-15. Three Plaintiffs claim to have experienced COVID-19-like symptoms. *Id.*, PageID# 11-13. Two Plaintiffs claim to have been instructed by a healthcare provider to "self-quarantine" for a period of ten to fourteen days. *Id.*, PageID# 11-12. Each Plaintiff alleges to have missed between five and fourteen days of work without pay as a result of these events. *Id.*, PageID# 11-15. All Plaintiffs allege that AES denied them paid sick leave under EPSLA. *Id.*, PageID# 10. However, the details concerning these medical diagnoses, healthcare provider instructions to quarantine, missed work, and denial of paid leave have not been provided.

Plaintiffs claim that AES inquired about Plaintiffs' COVID-19 symptoms and quarantine instructions for the first time on December 28, 2020. *Id.*, PageID# 10-11. They contend that they submitted a "written report" of their symptoms and quarantine instructions to AES on December 30, 2020. *Id.*

IV.   *Motion to Dismiss*

A.  *Basis for Motion*

1.  *Notice*

AES contends that it did not receive notice of or documentation concerning Plaintiffs' symptoms, diagnoses, or quarantine orders until December of 2020 and, therefore, Plaintiffs' claim for EPSLA leave are barred under the April Rule. DN 4-2, PageID# 30-31, 37-38. AES maintains

that by not providing notice to AES of a qualifying reason for EPSLA leave until December of 2020, Plaintiffs' submission of notice cannot be considered "as soon as practicable" under the "reasonable" notice requirement of the April Rule. *Id.*, PageID# 38. In response, Plaintiffs urge that whether Plaintiffs' notice was given "as soon as practicable" is a question of fact for the jury. DN 8, PageID# 58.

### 2. *Documentation*

AES argues that, because Plaintiffs did not submit documentation until five months after they missed work, they do not qualify for EPSLA paid leave under the requirements of the April Rule. DN 4-2, PageID# 29. AES further maintains that the September Rule, which allowed documentation to be submitted "as soon as practicable," cannot be retroactively applied to Plaintiffs' claim. *Id.*, PageID# 36. Consequently, AES asserts that Plaintiffs' claim is "fatally flawed" and, thus, fails to state a claim upon which relief can be granted. *Id.*, PageID# 31.

Plaintiffs contend that AES' reliance on the "temporal aspect" of sec. 826.100 of the April Rule is "misplaced," as that provision of the Rule was invalidated by the New York court and later was amended by the DOL. DN 8, PageID# 59. Plaintiffs urge that from April of 2020 through September of 2020 there was no "lawful" DOL regulation in place addressing the timeliness of documentation. DN 8, PageID# 60. Therefore, Plaintiffs reason, when requesting EPSLA leave between April and September of 2020, an employee need only have complied with sec. 5110(5)(E) of the Act itself, not sec. 826.100 of the April Rule. *Id.* As such, Plaintiffs insist that the argument that the April Rule bars their claim is without merit. *Id.*, PageID# 59-61.

### V. *Legal Standard*

When assessing whether a claim should survive a Fed. R. Civ. P. 12(b)(6) motion, a court "must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-

pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Fed. Rule Civ. Proc. 8(a)(2)). A motion to dismiss may be granted "if, after drawing all reasonable inferences from the allegations in the complaint in favor of the plaintiff, the complaint still fails to allege a plausible theory of relief." *Garceau v. City of Flint*, 572 F. App'x 369, 371 (6th Cir. 2014) (citing *Iqbal*, 556 U.S. at 677-79).

### VI.    Analysis

#### A.  Notice

AES asserts that Plaintiffs' submission of notice in December of 2020, about five months after Plaintiffs missed work, was simply too late to be compliant with the regulation, as the regulation refers to the giving of notice "as soon as practicable." DN 4-2, PageID# 37-38. AES contends that notice provided five months after leave was taken cannot be timely under the regulation and, thus, Plaintiffs have failed to state a viable claim under the provisions of EPSLA. *Id.*

First, the Court notes that the plain language of the regulation evidences that it is not *compulsory* that an employee notify his employer in order for that employee to be eligible for EPSLA leave. *See* EPSLA, § 5110(5)(E); 29 C.F.R. § 826.90(a)(1). Rather, both the Act and the April Rule[1] afford an employer the option to require an employee to give such notice. *Id.* It is

---

[1] As discussed in Section B. Documentation, there is disagreement whether the documentation provision of the April regulation applies to these plaintiffs. There is no challenge to the notice provision of the April Rule and, in fact, the language of the provision remains the same in the September version. While Plaintiffs urge that the notice provision of the April regulation is invalidated in its entirety, they point to no legal basis to challenge the notice provision's validity. We thus refer to the April Rule in evaluating the notice provision.

unclear at this juncture what, if any, policy was in place for employees to take leave, paid EPSLA leave or otherwise, at AES.

Additionally, the regulation indicates that, after the first day for which EPSLA leave is sought, the employee should give notice "as soon as practicable under the facts and circumstances of the particular case." 29 C.F.R. § 826.90(b). The regulation does not further define timely notice. If an employer required notice for EPSLA leave, whether notice was timely would depend, in part, upon any policies or procedures that the employer had in place for employees to provide such notice and on the particular circumstances involved.

AES asserts that Plaintiffs' submission of notice five months after missing work "cannot objectively be viewed as legally compliant with FFCRA's requirements." DN 4-2, PageID# 38. However, Plaintiffs have alleged that the first time notice was requested was in December of 2020 and that they promptly complied. DN 1-1, PageID# 9, 10. AES' contention that the five-month lapse from leave to notice is untimely under the regulation does nothing to refute Plaintiffs' contention that no notice was required before December of 2020 when they promptly responded to AES' request.

*B. Documentation*

AES urges that Plaintiffs should be held to the requirement in sec. 826.100 of the April Rule that an employee give his or her employer documentation prior to the employee taking EPSLA leave, as that version of the DOL regulation was in effect when Plaintiffs missed work in July of 2020. DN 9, PageID# 64. The parties agree that Plaintiffs did not provide documentation in advance. AES contends that Plaintiffs' claim is thus not viable under EPSLA. *Id.*, PageID# 37.

AES bears the burden on motion to dismiss to show, taking the allegations of the complaint as true, that Plaintiffs have failed to state a claim upon which relief can be granted. Plaintiffs argue

that, after the New York case, "neither EPSLA nor any valid DOL regulation allowed AES to demand documentation as a precondition to receiving leave." DN 8, PageID# 60, 61 (citing *New York v. United States Dep't of Lab.*, 477 F. Supp. 3d 1, 17 (S.D.N.Y. 2020)). Nonetheless, Plaintiffs allege in their complaint that they did submit documentation to AES in December of 2020 when AES requested it. DN 1-1, PageID# 10-11. Thus, while purportedly not under any legal obligation to do so, Plaintiffs assert that they complied with AES' request for documentation and their claim for EPSLA leave cannot be denied on this basis. DN 8, PageID# 61.

AES has not even argued why the rationale of the New York case, albeit not binding authority, is not persuasive. The New York court found that a regulatory provision requiring documentation *before* an employee takes leave directly conflicted with the statutory provision that allowed an employer to require notice *after* the employee missed a day of work. *New York v. United States Dep't of Lab*., 477 F. Supp. 3d 1, 17-18 (S.D.N.Y. 2020). It stands to reason that requiring documentation from an employee in advance of an absence qualifying for EPSLA paid sick leave is nonsensical and, as a practical matter, results in the untenable choice for employees to come to work sick rather than risk going unpaid for failing to document in advance. The DOL recognized this problem as well, revising the regulation in September.

The Court notes that Plaintiffs incorrectly assert that they were not legally obligated to provide AES with any documentation at all. The ruling in the New York case did not disturb the substance of the documentation requirement nor did it change its mandatory nature. *New York v. United States Dep't of Lab*., 477 F. Supp. 3d 1, 19 (S.D.N.Y. 2020) ("The remainder of the Final Rule, including . . . the substance of the documentation requirement, as distinguished from its temporal aspect, stand[s]."). Thus, documentation is, in fact, required by the portion of the April Rule left unaffected by the New York opinion. Plaintiffs overlook this point and, instead, focus on

the language of the statute, as if there was wholesale invalidation of the documentation requirement. Therefore, even if we accept Plaintiffs' contention that this Court should accept the New York court's rationale, the documentation provided in December was not merely gratuitous, but, rather, was required.

Plaintiffs have offered a reasonable argument as to why the "temporal aspect" of sec. 826.100 of the April Rule should not be applied in this case. However, there remains an open question as to *when* Plaintiffs were required to submit documentation to AES. We leave that question for another day. AES merely argues that documentation provided in December to support a claim for paid sick leave in July is *ipso facto* untimely. AES cites no law to support this contention nor has there been any development of facts in this regard.

As this argument has not been developed and other arguments are improperly raised for the first time in the AES reply brief,[2] we conclude that AES has failed to establish that dismissal pursuant to Fed. R. Civ. P. 12(b)(6) is warranted. The motion of the defendant, AES, to dismiss will be denied in a separate order.

September 28, 2021

**Charles R. Simpson III, Senior Judge**
**United States District Court**

---

[2] The Court will not consider an issue raised for the first time in a reply. *See Scottsdale Ins. Co. v. Flowers*, 513 F.3d 546, 553 (6th Cir. 2008) ("[W]e have found issues to be waived when they are raised for the first time in motions requesting reconsideration or in replies to responses.").

10